UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILEY BLAIR, III, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-13-2628 |
| § | |
| HOUSTON INDEPENDENT SCHOOL DISTRICT, § | |
| § | |
| *Defendant*. § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant Houston Independent School District's ("HISD") motion for summary judgment. Dkt. 11. After considering the parties' briefing, record evidence, and applicable law, the court is of the opinion that HISD's motion for summary judgment should be DENIED.

**I. BACKGROUND**

Plaintiff Wiley Blair III ("Blair") began employment for HISD as a groundsman at the Delmar Sports Complex in 1995. Dkt. 15, Ex. A. Blair's regular work consisted of cleaning athletic facilities and parking lots and preparing fields and locker rooms for sporting events. *Id*. His regular work schedule was Monday through Friday from 7:00 a.m. to 3:30 p.m. *Id*.

In addition to Blair's regular work, he occasionally performed ancillary services for HISD sporting events including taking tickets, running the clock, and performing security. *Id*. This ancillary work was performed outside of Blair's usual 7:00 a.m. to 3:30 p.m. schedule, and he was compensated at a different hourly rate than for his regular services. *Id*. Blair was not paid overtime when he performed ancillary work in excess of his regular forty hour workweek. *Id*.

On September 6, 2013, Blair brought suit against HISD requesting overtime for his ancillary work exceeding forty hours per week. Dkt. 1. HISD moves for summary judgment on the basis that Blair's ancillary work falls within the "occasional or sporadic" exemption to the Fair Labor Standards Act's overtime pay requirement. Dkt. 11.

## II. LEGAL STANDARD

HISD asks the Court to grant summary judgment under rule 56(a) of the Federal Rules of Civil Procedure. Rule 56(a) requires the issuance of summary judgment "if there is no genuine issue as to any material fact," and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The movant bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 447 U.S. 317, 323, 100 S. Ct. 2204 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine dispute of material fact. *Id.* at 322. A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005). A dispute is "material" if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248. The substantive law determines the facts which are material in each case. Lastly, in determining whether a genuine dispute of material fact exists, the court views the evidence and draws inferences in the light most favorable to the nonmoving party. *Id.* at 255; *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005).

## III. ANALYSIS

The Fair Labor Standards Act ("FLSA") provides that "no employer shall employ any of his

2

employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). However, the overtime requirement of the FLSA has several exemptions. The exemption claimed by HISD is known as the "occasional or sporadic" exemption, and provides:

> If an employee of a public agency which is a State, political subdivision of a State, or an interstate governmental agency undertakes, on an occasional or sporadic basis and solely at the employee's option, part-time employment for the public agency which is in a different capacity from any capacity in which the employee is regularly employed with the public agency, the hours such employee was employed in performing the different employment shall be excluded by the public agency in the calculation of the hours for which the employee is entitled to overtime compensation under this section.

*Id.* § 207(p)(2). Therefore, to successfully claim the exemption, HISD must show: 1) that Blair is an employee of a public agency, 2) that he undertook occasional or sporadic ancillary employment for HISD, 3) that he performed such ancillary employment voluntarily, and 4) that his ancillary employment was in a different capacity than his regular employment. The parties are in agreement that HISD is a public agency and that Blair's ancillary work was voluntary. However, they dispute whether Blair's work was occasional or sporadic and if it was in a different capacity.

FLSA claims often involve complex mixed questions of law and fact. *Pressley v. Sanderson Farms, Inc.*, No. H-00-420, 2001 WL 850017, at *2 (S.D. Tex. Apr. 23, 2001) (citing *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 743, 101 S. Ct. 1437 (1981)). Determining whether an exemption from the FLSA applies "is primarily a question of fact, " but the "ultimate decision whether an employee is exempt from the FLSA's overtime compensation provisions is a question of law." *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 584 (5th Cir. 2006) (citations an internal

3

quotations omitted). FLSA exemptions are construed "narrowly" and "the burden of proof lies with the employer." *Id*.

### A. Occasional or Sporadic

Under the regulations, occasional or sporadic is defined as "infrequent, irregular, or occurring in scattered instances." 29 C.F.R. § 553.30(b)(1). Furthermore, work may be occasional or sporadic even if it recurs seasonally. *Id*. § 553.30(b)(3). Notably, examples of occasional or sporadic work provided by the regulations include "taking of tickets, providing security . . . [or] officiating." *Id*. The record demonstrates that Blair's ancillary work included taking tickets, providing security, and keeping time or score, which is a form of officiating. Blair's ancillary work corresponds exactly to the type of work that the regulations suggest is occasional or sporadic.

Of course, it is possible for one to take tickets, provide security, or officiate every day of the year, making such work regular and frequent. Therefore, whether Blair performed his ancillary work infrequently, irregularly, or in scattered instances is paramount. Depending on how one characterizes the time Blair worked in his ancillary role, the frequency of the work can vary drastically. Blair would have the court calculate the days he worked at his ancillary job on a week-to-week basis. Under Blair's calculation, he worked 18 of 88 possible weeks, resulting in 20% employment in an ancillary role. In contrast, HISD uses a day-to-day metric. Under HISD's calculation, Blair worked 33 of 616 possible days, resulting in 5% employment in his ancillary role.

While there is no clear standard to assess the occasional or sporadic nature of employment, HISD's reasoning is more appropriate. Blair's employment record clearly demonstrates that he worked in an ancillary capacity on an irregular daily basis rather than a weekly basis. Dkt. 15, Ex. E. Often, Blair would perform ancillary duties only once per week. *Id*. Therefore, it would be an

overstatement of the regularity of Blair's ancillary employment to view it on a week-to-week basis. While HISD's methodology is over-inclusive of the total possible days available for ancillary work because 616 days includes Sundays and paid holidays, 33 days worked during the relevant period is infrequent and irregular as contemplated by the regulations.

Furthermore, Blair's employment record demonstrates he worked in an ancillary capacity mostly in November and December of 2010 and January and February of 2012. *Id*. Besides these two periods, Blair worked in an ancillary role only seven times. *Id*. The largest gap between employment in an ancillary capacity was over eight months. *Id*. Such an employment record is clearly irregular and "scattered." 29 C.F.R. § 553.30(b)(1); *see* 14 OXFORD ENGLISH DICTIONARY 598 (2d ed. 1989) (providing a first definition of scatter as "a wide or irregular distribution" and a second definition as "a quantity loosely distributed or interspaced"). Therefore, the court finds that Blair's employment as a ticket taker, security guard, or time keeper was sufficiently infrequent, irregular, or scattered to satisfy the occasional and sporadic element of the exemption.

### B. Different Capacity

For ancillary employment to qualify as in a different capacity, it must fall outside "the same general occupational category" as the regular employment. 29 C.F.R. § 553.30(b)(1). The regulations provides two examples. First, "a public park employee primarily engaged in playground maintenance [who] also from time to time cleans an evening recreation center" is within the same capacity of employment. *Id*. § 553.30(c)(3). Therefore, even if the public park employee's ancillary employment is occasional or sporadic, the overtime exemption still would not apply. In contrast, "a bookkeeper for a municipal park agency or a city mail clerk [who] occasionally referees for an

adult evening basketball league" is not within the same capacity of employment. *Id*. § 553.30(c)(4). Blair's regular duties included cleaning athletic facilities and parking lots, as well as preparing fields and locker rooms. His ancillary duties included taking tickets, performing security, and time keeping. In this case, the examples provided by the regulations provide little guidance because Blair's regular and ancillary duties are more related than a bookkeeper or mail clerk who also referees, but less related than a maintenance man who also cleans.

Because of the lack of clear guidance in the regulations and case law, the court must consider the purpose of the FLSA and its exemptions. The FLSA was designed as a broad remedial statute. *A. H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493, 65 S. Ct. 807 (1945) ("The Fair Labor Standards Act is designed to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work.") (internal quotations omitted). Given the FLSA's broad remedial aims, the exemptions from the FLSA's coverage are narrowly construed against the employer. *Tyler v. Union Oil Co. of Cal.* 304 F.3d 379, 402 (5th Cir. 2002); *Owens v. CEVA Logistics/TNT*, No. H-11-2237, 2012 WL 6691115, at *15 (S.D. Tex. Dec. 21, 2012). Furthermore, "[t]o extend an exemption to other than those plainly and unmistakably within [the FLSA's] terms and spirit is to abuse the interpretative process and to frustrate the announced will of the people." *A.H. Phillips*, 324 U.S. at 493; *Villegas v. Dependable Constr. Servs.*, No. 4:07-cv-2165, 2008 WL 5137321, at *72 (S.D. Tex. Dec. 8, 2008).

With these principles in mind, the court cannot find, as a matter of law, that Blair's ancillary work was similar enough to his regular work to be within the same capacity. There is a clear factual dispute as to the similarity of Blair's regular work of preparing athletic facilities for sporting events and his ancillary work of helping run the events themselves. *See Yoakum v. PBK Architects, Inc.*,

No. H-10-00278, 2011 WL 4688720, at *3 (S.D. Tex. Oct. 4, 2011) (determining that the nature of plaintiff's duties is a fact question). Blair's duties for his ancillary work were not "plainly and unmistakably" within a different capacity. *Owens*, 2012 WL 6691115, at *15 (stating it is the employer's burden to show a FLSA exemption plainly and unmistakably applies). Because HISD has not demonstrated, as a matter of law, that Blair's regular work was in a different capacity than his ancillary work, HISD's motion for summary judgment is denied.

### IV. Conclusion

On the record presented, HISD has not shown, as a matter of law, that the occasional or sporadic exemption applies. Therefore, the court DENIES HISD's motion for summary judgment. Dkt. 11.

It is so ORDERED.

Signed at Houston, Texas on October 24, 2014.

_____
Gray H. Miller
United States District Judge