UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILEY BLAIR, III, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-2628 |
| | § | |
| HOUSTON INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Houston Independent School District's ("HISD") motion for reconsideration. Dkt. 21. After considering the parties' briefing, record evidence, an amicus brief from the Texas Association of School Boards Legal Assistance Fund, and applicable law, the court is of the opinion that HISD's motion for reconsideration should be DENIED.

**I. BACKGROUND**

Plaintiff Wiley Blair III ("Blair") began employment for HISD as a groundsman at the Delmar Sports Complex in 1995. Dkt. 15, Ex. A. Blair's regular work consisted of cleaning athletic facilities and parking lots and preparing fields and locker rooms for sporting events. *Id*. His regular work schedule was Monday through Friday from 7:00 a.m. to 3:30 p.m. *Id*.

In addition to Blair's regular work, he occasionally performed ancillary services for HISD sporting events including taking tickets, running the clock, and performing security. *Id*. This ancillary work was performed outside of Blair's usual schedule, and he was compensated at a different hourly rate than for his regular services. *Id*. Blair was not paid overtime when he performed ancillary work in excess of his regular forty hour workweek. *Id*. In this case, Blair alleges violations of the Fair Labor Standards Act's ("FLSA") overtime provisions.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) outlines several scenarios in which a party may obtain relief from a court's order. Under Rule 60(b)(1), if the "judicial decision contains an obvious error of law, apparent on the record, then the error may be corrected as a mistake pursuant to Rule 60(b). The error of law must involve a fundamental misconception of the law or conflict with a clear statutory mandate." *In re Grimland, Inc.*, 243 F.3d 228, 233 (5th Cir. 2001). HISD does not offer a statutory basis for its motion, but its arguments suggest that it seeks relief pursuant to Rule 60(b)(1), and the court will consider the motion under this standard.

## II. ANALYSIS

HISD previously moved for summary judgment arguing that the FLSA overtime provisions are not applicable to Blair's ancillary work under 29 U.S.C. § 207(p)(2) because 1) Blair is an employee of a public agency, 2) he undertook occasional or sporadic ancillary employment for HISD, 3) he performed such ancillary employment voluntarily, and 4) his ancillary employment was in a different capacity from his regular employment. The court found that Blair's employment met the first three criteria, but that HISD could not show that Blair's ancillary employment was "plainly and unmistakably" in a different capacity from his regular appointment. Dkt. 20 at 7. The court applied the "plain and unmistakable" standard and narrowly construed the language of the statute against the employer as required by case law applicable to FLSA exemptions. *See Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 402 (5th Cir. 2002). Accordingly, the court denied HISD's motion for summary judgment. Dkt. 20.

In its motion for reconsideration, HISD argues that the court mistakenly applied the "plain and unmistakable" standard in determining that HISD had not met its burden in establishing the exemption. In support of this argument, HISD claims that § 207(p)(2) establishes an FLSA exclusion rather than an exemption, and that the language of § 207(p)(2) should not be narrowly construed against employers. HISD distinguishes between exemptions, which set out certain categories of employees to whom the FLSA's overtime provisions are inapplicable, and exclusions, which remove certain hours from the calculation of hours worked during the workweek of a non-exempt employee. Dkt. 21 at 3-4. HISD acknowledges that FLSA exemptions are subject to narrow construction by courts but argues that exclusions are not. According to HISD, the "occasional or sporadic" exclusion should not have been narrowly construed against the employer, and application of a lesser burden would have entitled HISD to summary judgment on plaintiff's claims. In an amicus brief, the Texas Association of School Boards Legal Assistance Fund advances arguments similar to those presented in HISD's motions for summary judgment and reconsideration. Dkt. 28.

HISD's argument hinges on its comparison of § 207(p) to § 203(o) of the Portal-to-Portal Act. The Portal-to-Portal Act excludes time spent changing clothes from the definition of "hours worked." 29 U.S.C. § 203(o). In support of its argument, HISD points to similar language in the two provisions. The Portal-to-Portal Act states:

> "In determining . . . the hours for which an employee is employed, there shall be excluded any time spent in changing clothes or washing at the beginning or end of each workday which was excluded from measured working time during the week involved by the express terms of or by custom or practice under a bona fide collective-bargaining agreement applicable to the particular employee."

29 U.S.C. § 203(o).  The occasional and sporadic exemption, at issue here, states:

> "the hours such employee was employed in performing the different employment shall be excluded by the public agency in the calculation of the hours for which the employee is entitled to overtime compensation."

29 U.S.C. § 207(p)(2).  HISD focuses exclusively on the phrase "shall be excluded" to argue that the two provisions are analogous while glossing over what the hours are excluded **from**.

The Portal-to-Portal Act excludes certain hours from "hours for which an employee is employed."  Hours described in the Portal-to-Portal Act are excluded from compensation entirely.  Even then, it is applicable only to instances in which a collective bargaining agreement is in place and employees have customarily not been paid for changing clothes before and after work.  The purpose of § 203(o) was to correct a loophole created by judicial interpretation of the FLSA after its enactment.  In *Anderson v. Mt. Clemons Pottery Co.*, 328 U.S. 680, 66 S. Ct. 1187 (1946), the Supreme Court held that employers must compensate employees for time spent on things such as putting on aprons or overalls and removing shirts.  *Id.* at 692-93.  Afraid that this could lead to substantial and unexpected retroactive liabilities for employers and windfalls for employees, Congress amended the FLSA by adding § 203(o).  Section 203(o) clarified that employers were not required to compensate employees for such time where there was an agreement between an employer and a union excluding time spent changing clothes from compensation.  This clarification gives employers and employees the option of removing the activities described from FLSA coverage through collective bargaining.  *See Sepulveda v. Allen Family Foods, Inc.*, 591 F.3d 209, 214 (4th Cir. 2009).  The operation of the Portal-to-Portal Act essentially allows employers and unions to craft a definition of what "work" is in certain circumstances.  Accordingly, time excluded from

§ 203(o) is excluded because the parties have agreed that it is not "work," and is therefore not compensable at all. The Fifth Circuit has specifically held that § 203(o) is an exclusion, not an exemption, and is not subject to the same rules of construction as FLSA exemptions. *Allen v. McWane, Inc.*, 593 F.3d 449, 458 (5th Cir. 2010).

This court is unpersuaded by the analogy between §203(o) and § 207(p)(2). The Portal-to-Portal Act concerns matters of definition–namely–whether certain activities are defined as "work." When hours are excluded from compensation by virtue of the Portal-to-Portal Act, it is because the parties have agreed that the activities in question are not work. Section 207(p)(2) operates very differently by excluding an entire category of work, otherwise payable as overtime, from the overtime provisions of the FLSA. An employee covered by § 207(p)(2) is undeniably working over forty hours in a week but is not being paid overtime. In that sense, it is very much like the exemptions found in 29 U.S.C. § 213. Section 213 completely exempts certain categories of work from the overtime requirements of the FLSA. Employees covered by § 213 are also undeniably working over forty hours in a week but are also not being paid overtime.

In keeping with the FLSA's design as a broad remedial statute, all of the exemptions in § 213 are subject to narrow construction against the employer, and the employer bears the burden of establishing the exemption. *See Tyler*, 304 F.3d at 402. HISD argues that because the "occasional and sporadic" exclusion is not included in § 213, it is not entitled to the narrow construction afforded to the § 213 exemptions. However, courts considering other provisions within § 207, including the "special detail exemption" applicable to law enforcement officers working extra jobs, have narrowly construed the exemptions against employers in exactly the same way as the § 213 exemptions. *See Clark v. City of Fort Worth*, 800 F. Supp. 2d 781, 785 (N.D. Tex. 2011), *aff'd per curiam*, 464 Fed.

Appx. 325 (5th Cir. 2012) (finding that the special detail exemption from § 207(p)(1) must be narrowly construed against the employer and that the employer bears the burden of establishing the exemption); *Baltimore Cnty. FOP Lodge 4 v. Baltimore Cnty.*, 565 F. Supp. 2d 672, n.3 (D. Md. 2008); *Johnson v. Unified Gov't of Wyandotte Cnty.*, 127 F. Supp. 2d 1181, 1184 (D. Kan. 2000). Although these courts were interpreting § 207(p)(1), which, notably, also includes the phrase "shall be excluded," this court finds it doubtful that they would have applied a wholly different standard to § 207(p)(2), at issue here.

The Fifth Circuit has not ruled on whether § 207(p)(2) is subject to the narrow construction afforded to other FLSA exemptions. Absent clear instruction from the Circuit, this court finds it prudent to rule in keeping with the FLSA's design as a remedial statute. This determination is bolstered by a finding that § 207(p)(2) is similar to § 207(p)(1) and other FLSA exemptions which exempt certain categories of work from overtime requirements and are entitled to narrow construction against the employer. As noted above, the court is unpersuaded by the analogy to the Portal-to-Portal Act, which declares that certain activities are not even considered work and are therefore non-compensable. Accordingly, the court finds that the § 207(p)(2) occasional and sporadic exemption is subject to narrow construction against the employer. As previously analyzed in its order denying summary judgment, HISD has not shown that Blair is "plainly and unmistakably" covered by the exemption.

## IV. Conclusion

HISD has not persuaded the court that the reasoning in its previous order was in error. Accordingly, HISD's motion for reconsideration is DENIED.

It is so ORDERED.

Signed at Houston, Texas on March 31, 2014.

Gray H. Miller
United States District Judge