**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

WILEY BLAIR, III,                                                §
                                                                          §
        *Plaintiff*,                                                §
                                                                          §
v.                                                                      §        CIVIL ACTION H-13-2628
                                                                          §
HOUSTON I.S.D.*, et al.,*                                     §
                                                                          §
        *Defendant*.                                            §

### ORDER

Pending before the court is defendant Houston Independent School District's motion to

dismiss for want of prosecution. Dkt. 50. The motion was ripe on June 30, 2015 and plaintiff has

not responded to the motion.

"If the plaintiff fails to prosecute or to comply with [the Rules of Civil Procedure] or a court

order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

Unless the dismissal order states otherwise, such a dismissal—except one for lack of jurisdiction,

improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

*Id.*

Plaintiff filed his Fair Labor Standards Act case in September 2013. The case was most

recently set for trial on June 10, 2015. Shortly before trial, however, the court learned that plaintiff

would not be able to attend the trial, a condition upon which both parties had agreed. The court held

a conference on June 9, 2015 and advised plaintiff's counsel that he must find a trial date that

worked for his client, coordinate with defendant, and then report back to the court. Also on June 9,

2015, defendant filed the pending motion to dismiss for want of prosecution, which the court

informed the parties it would take under advisement.

At this point, not only has plaintiff failed to coordinate a trial date or respond to emails from court staff regarding the setting of a trial date, but plaintiff has not responded to the motion to dismiss for want of prosecution.  In the Southern District of Texas "[f]ailure to respond will be taken as a representation of no opposition."  S.D. Tex. L.R. 7.4.

Plaintiff has not diligently prosecuted his case and has represented that he is not opposed to the case being dismissed.  Accordingly, the court GRANTS defendant's motion to dismiss for want of prosecution.

It is so ORDERED.

Signed at Houston, Texas on July 2, 2015.

_____

Gray H. Miller
United States District Judge